**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         treyda@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Email: mgr@reichradcliffe.com
         adhoover@reichradcliffe.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEARMEY on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>HAWAIIAN ISLES KONA COFFEE COMPANY, LTD.<br><br>                    Defendant. | Case No. 8:19-cv-00432 JVS (KESx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael DeArmey ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings the following First Amended Class Action Complaint against Defendant Hawaiian Isles Kona Coffee Company, LTD. ("Hawaiian Isles" or Defendant) seeking monetary damages, injunctive relief, and other remedies.  Plaintiff makes the following allegations based on the investigation of his counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which is based on his personal knowledge.

## INTRODUCTION

1.     Through false and deceptive packaging and advertising, Defendant intentionally misleads consumers into believing that these coffee products it sells bearing the word Kona originate from the North and South Kona Districts of the Big Island of Hawaii (the "Kona Districts").  In reality, these coffee products are made with commodity coffee beans grown in various less-desirable locations around the world.

2.     The falsely advertised coffee at issue in this action include, but are not limited to, "Kona Classic," "Kona Sunrise," "Kona Hazelnut," and "Kona Vanilla Macadamia Nut" coffee products (hereinafter, referred to as the "Kona Labeled Coffee Products" or "Products").

3.     At all relevant times, Defendant packaged, advertised, marketed, distributed, and sold the Kona Labeled Coffee Products to consumers via retail stores throughout the United States based on the misrepresentation that the Products are grown in, and originate from, the Kona Districts.  However, none of the Kona Labeled Products are grown in the Kona Districts.

4.     Authentic Kona coffee is Hawaii's most famous coffee and is sought around the world.   Around 900 independent farms within the Kona Districts produce

authentic Kona coffee.  With its delicate, aromatic flavor, coffee aficionados consider Kona Coffee to be the only way to go.[1]

5.    But the supply is naturally limited because only coffee grown on farms located within the Kona Districts can be truthfully marketed, labeled, and sold as Kona coffee.  The specific weather patterns and soil conditions combine to give Kona coffee its distinctive characteristics.  "Kona" tells consumers that the coffee comes from this distinctive geographic region with the desired flavor and aroma.

6.    Plaintiff and other consumers purchased the Kona Labeled Coffee Products because they reasonably believed, based on Defendant's packaging and advertising that the Products are grown in the Kona Districts.  Had Plaintiff and other consumers known that the Kona Labeled Coffee Products were not grown in the Kona Districts, they would not have purchased the Products or would have paid significantly less for them.  As a result, Plaintiff and other consumers have been deceived and have suffered economic injury.

7.    Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the Kona Labeled Coffee Products during the relevant statute of limitations period for violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* violation of California's False Advertising Law ("FAL"), for common law fraud, unjust enrichment, breach of implied warranty of merchantability, and breach of express warranty.

8.    Plaintiff seeks to represent a Nationwide Class, and a California Subclass.

---

[1] *See Grown with Aloha: A Guide To Hawaii's Coffee Industry:  Yesterday, Today & Tomorrow* at pg. *15; *available at* http://www.hawaiicoffeeassoc.org/resources/Documents/DOA-HICoffeeAssoc-Booklet.v4_print.pdf (last visited April 8, 2019).

9.      As a result of the unlawful scheme alleged herein, Defendant has been able to overcharge Plaintiff and other consumers for coffee, induce purchases that would otherwise not have occurred, and/or obtain wrongful profits.  Defendant's misconduct has caused Plaintiff and other consumers to suffer monetary damages.  Plaintiff, on behalf themselves and other similarly situated consumers, seek damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or this Court deems appropriate.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendant.  Defendant purposefully avails itself of the California consumer market and distributes the Products to numerous locations within this County and hundreds of retail locations throughout California, where the Products are purchased by thousands of consumers every week.

11.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

12.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information and omissions regarding the Kona Labeled Coffee Products occurred within this District.

# **PARTIES**

13.    Plaintiff Michael DeArmey is a resident of Mission Viejo, California and at all times material hereto, was a citizen of California.  During the relevant class period, he has regularly purchased the Kona Labeled Coffee Products, including but not limited to the "Kona Classic" brand, every 3 to 4 months from grocery stores located in Orange County, California.

14.    In purchasing the Kona Labeled Coffee Products, Mr. DeArmey saw and relied on Defendant's false, misleading, and deceptive use of the word "Kona" on the packaging of the Kona Labeled Coffee Products.  Based on these representations, Mr. DeArmey believed that each of the Kona Labeled Coffee Products he purchased was grown in the Kona Districts on the Big Island of Hawaii.  However, unbeknownst to Mr. DeArmey, the Kona Labeled Coffee Products he purchased were not grown in, and did not originate from, the Kona Districts, but were instead made from commodity coffee beans sourced from various less-desirable locations around the world.

15.    Mr. DeArmey would not have purchased the Kona Labeled Coffee Products or would have paid significantly less for the Products had he known that the Products were not grown in the Kona Districts.  Therefore, Mr. DeArmey suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.  Despite being misled by Defendant, Mr. DeArmey remains interested in purchasing the Kona Labeled Coffee Products if they were grown in the Kona Districts of Hawaii.  To this day, Mr. DeArmey regularly shops at stores where the Kona Labeled Coffee Products are sold.  On some of these occasions, Mr. DeArmey would like to buy the Kona Labeled Coffee Products but refrains from doing so because he cannot rely with any confidence on Defendant's representations regarding the Kona Districts origin of the Products, especially since he was deceived in the past by Defendant.  While Mr. DeArmey currently believes that the Kona Labeled Coffee Products are not grown in the Kona Districts of Hawaii, he

lacks personal knowledge as to Defendant's growing practices, which may change over time, leaving room for doubt in his mind as to which Products are grown in Hawaii. This uncertainty, coupled with his desire to purchase coffee grown in the Kona Districts, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein.

16.    Defendant Hawaiian Isles Kona Coffee Company, LTD. ("Hawaiian Isles" or "Defendant"), is a Hawaii limited liability company with its principal place of business in Honolulu, Hawaii. Hawaiian Isles sells a variety of coffee products throughout the United States, including this Judicial District, through various retail outlets, including but not limited to Cost Plus World Market, Lucky, Nob Hill Foods, Raley's, Save Mart Supermarkets, Kroger, Safeway, Albertsons, ABC Stores, Amazon, and Walmart. Hawaiian Isles falsely designates the geographic origin of its "Kona" coffee products with the prominent placement of "Kona" on the front of the packaging. Hawaiian Isles advertises its coffee products nationally on the Internet and with digital marketing campaigns through social media sites such as Facebook.

## FACTUAL ALLEGATIONS

### A.    Background

17.    Kona coffee is one of the rarest and most prized coffees in the world. Kona coffee is grown in the Kona Districts. *See* map below. *See also* Hawaii Administrative Rules ("HAR") §4-143-3 (defining the geographic region of Kona as the "North Kona and South Kona districts on the island of Hawaii, as designated by the State of Hawaii Tax Map"). The Kona Districts contain between 3,800 and 4,000

acres of land cultivated for Kona coffee production, which sharply limits the amount of Kona coffee that can be grown.[2]



18.     Only coffee grown in the Kona Districts can be sold as Kona coffee, just as only wine originating from the Napa Valley region of California can be sold using the phrase "Napa Valley."  *See, e.g.,* HAR §4-143-3 ("'Kona coffee' means natural coffee … which is grown in the geographic region of Kona and which at least meets the minimum requirements of Kona prime green coffee.").  Coffee grown outside of the Kona District, even if grown within the state of Hawaii, cannot be sold as Kona

---

[2] *See Grown with Aloha: A Guide To Hawaii's Coffee Industry:  Yesterday, Today & Tomorrow* at pg. *12; available at* http://www.hawaiicoffeeassoc.org/resources/Documents/DOA-HICoffeeAssoc-Booklet.v4_print.pdf (last visited April 8, 2019).

coffee. *See, e.g.,* HAR §4-143-1 ("The use of any geographic origin defined in section 4-143-3 [on coffee] that is not grown in the geographic region defined in section 4-143-3 is prohibited.").

19.    Kona coffee has been grown in the Kona Districts since 1828, but it was not until later in the 19th century that the region became recognized as an established brand.  The Kona District's volcanic soil, elevation, rainfall, proximity to the Pacific Ocean, moderate temperatures, and sunshine all interact to create Kona coffee's distinctive characteristics.  Kona coffee's unique flavor, aroma, and mouth feel are a direct result of this growing environment.

20.    The Kona name tells consumers that they are buying coffee grown in the Kona Districts.  The name also tells consumers that the coffee is of the highest quality with a distinct taste.  Consequently, consumers are willing to pay a premium for Kona coffee.

21.    Within the Kona District, between 900 and 1,000 farmers grow Kona coffee beans.[3]  The typical Kona farmer cultivates no more than five acres.  These farms typically operate as family businesses.

22.    Kona farmers produce less than 3.0 million pounds of green Kona coffee each year.[4]  That compares to 22 billion pounds of green coffee produced worldwide.[5] Kona coffee only represents approximately 0.0001% of worldwide coffee production.

_____

[3] *See Grown with Aloha: A Guide To Hawaii's Coffee Industry:  Yesterday, Today & Tomorrow* at pg. *12; *available at* http://www.hawaiicoffeeassoc.org/resources/Documents/DOA-HICoffeeAssoc-Booklet.v4_print.pdf (last visited April 8, 2019).

[4] *See Hawaii Coffee Facts available at* https://espressocoffeeguide.com/gourmet-coffee/asian-indonesian-and-pacific-coffees/hawaii-coffee/hawaii-coffee-facts/ (last visited April 19, 2019).

[5] *See Total Crop Year Production by Exporting Countries available at* http://www.ico.org/trade_statistics.asp?section=Statistics (last visited April 19, 2019).

23.     But even though less than three million pounds of authentic green Kona coffee are grown annually, over twenty million pounds of coffee labeled as "Kona" are sold at retail.[6]

24.     Defendant sells packaged coffee products that are presented to consumers as Kona coffee, but instead contain cheap commodity coffee beans.  The malicious actions taken by Defendant causes significant harm to consumers.  Plaintiff and other consumers purchased the Kona Labeled Coffee Products because they reasonably believed, based on Defendant's packaging and advertising that the Products are grown in the Kona District.  Had Plaintiff and other consumers known that the Kona Labeled Coffee Products were not grown in the Kona District, they would not have purchased the Products or would have paid significantly less for them.  As a result, Plaintiff and other consumers have been deceived and have suffered economic injury.

**B.     Elemental Testing of Coffee**

25.     Several studies have shown that coffee from different geographical origins have different elemental and isotopic compositions.[7]  Results indicate that

---

[6] *See Hawaii Coffee Facts available at* https://espressocoffeeguide.com/gourmet-coffee/asian-indonesian-and-pacific-coffees/hawaii-coffee/hawaii-coffee-facts/ (last visited April 19, 2019).

[7] *See* Krivan, V.; Barth, P.; Morales, A. F. *Multielement analysis of green coffee and its possible use for the determination of origin*. Mikrochim. Acta 1993, 110, 217–236; Serra, F.; Guillou, C. G.; Reniero, F.; Ballarin, L.; Cantagallo, M. I.; Wieser, M.; Iyer, S. S.; H_eberger, K.; Vanhaecke, F. *Determination of the geographical origin of green coffee by principal component analysis of carbon, nitrogen and boron stable isotope ratios.* Rapid Commun. Mass Spectrom. 2005, 19, 2111–2115.; Rodrigues, C.; Brunner, M.; Steiman, S. *Isotopes as Tracers of the Hawaiian Coffee-Producing Regions.*  J. Agric. Food Chem. 2011, 59, 10239-10246.; J. Wang, S. Jun, H. Bittenbender, L. Gautz, Q.X. Li *Fourier transform infrared spectroscopy for Kona coffee authentication.*  J. Food Sci., 74 (5) (2009), pp. C385-C391; Mcleod, Rebecca & Garland, Mikaela & Van Hale, Robert & Steinman, Shawn & Frew, Russell. *Determining the most effective combination of chemical parameters for differentiating the geographical origin of food products: An example using coffee beans.* Journal of Food Chemistry and Nutrition (2013) 01. 49-61.

isotopes relationships and ratios reflect interactions between the coffee plant and the local environment. Accordingly, the scientists can use these ratios as an analytical finger print to discriminate between the different regions or origins for coffee.

26. A putative class action on behalf of Kona coffee growers entitled *Corker, et al. v. Costco Wholesale Corporation, et al.*, Case 2:19-cv-00290 (W.D. Wash. Feb. 27, 2019) has used this application of modern chemistry to identify the bad actors in the Kona marketplace, specifically identifying Defendant. *See* ECF No. 1 ¶¶ 51-126.

27. The lab tests from *Corker* show that the elemental ratios for the Kona Labeled Products are markedly different from the elemental ratios expected of truly authentic Kona Coffee. On the scatter plots below (from *Corker*), the strontium-to-zinc ratio and the barium-to-nickel ratio of the these accused products (marked by red diamonds) are well outside the range of authentic Kona coffee. In other words, the results show that it is highly unlikely for the Kona Labeled Products to originate from Kona.



28.    The below scatter plot showing the cobalt-to-zinc ratio and the manganese-to-nickel ratio (also from *Corker*) reinforces the same conclusion. These accused products (marked by red diamonds) are well outside the range of authentic Kona coffee.  Further corroborating that Kona Labeled Products are highly unlikely to originate from the Kona Districts region.



29.    Authentic Kona coffee has an average of less than forty times more manganese than nickel.  In contrast, samples from the Kona Labeled Products have one hundred twenty times more manganese than nickel.  This evidence, and similar evidence from many other elemental ratios, leads to the conclusion Hawaiian Isles' designation of Kona as the origin of the coffee in these products is false.

**C.    Defendant's Wrongdoing**

30.    Hawaiian Isles falsely designates the geographic origin of its Kona Labeled Coffee products with the prominent placement of KONA on the front of the packaging. Hawaiian Isles advertises its coffee products nationally on the Internet and with digital marketing campaigns through social media sites such as Facebook.  With its marketing campaigns, Hawaiian Isles uses deceptive taglines and slogans such as "The Warmth of the Islands in Every Cup," "Our coffee philosophy is simple: we

make and market only the finest gourmet Kona coffee available," and "Taste the Warmth of Aloha," among others.  The deceptive slogans are designed to mislead consumers into believing that Hawaiian Isles coffee products primarily contain coffee from Hawaii, and more specifically the Kona Districts of Hawaii.  In addition, the specific names of the Kona labeled Products are all designed to mislead consumers into believing that the coffee products contain a significant amount of Kona coffee – "Kona Classic," "Kona Sunrise," "Kona Hazelnut," and "Kona Vanilla Macadamia Nut."  Every Kona Labeled Package uses images and text to mislead the consumer into believing that the coffee product contains coffee beans predominantly, if not exclusively, grown in Hawaii, and specifically in the Kona Districts.  Defendant justifies the high price it charges for ordinary commodity coffee only because it successfully misleads consumers into believing that Kona Labeled Products were grown in Kona.

31.    Below are several examples of the deceptive Kona Labeled Products sold by Hawaiian Isles.




32.    The packaging explicitly represents the Products are "Made in Hawaii" on the front, above a map of Hawaii and a photograph of a Hawaiian beach at sunset.

The marketing copy on the side of the package states that the contents were "freshly roasted and packaged in Hawaii." The package also states that "Kona Coffee is grown on the Big Island's Kona Coast." Given Hawaiian Isles' unequivocal designation of Kona" as the origin of the coffee in its Kona Labeled Products, consumers buying these products would reasonably believe that Kona, and only Kona, was the origin of the coffee contained therein. Even if a consumer understood this package to be a blend of Kona coffee and other coffees (an implausible conclusion given the representations), the consumer would still expect the package to contain a substantial percentage of Kona coffee beans. In addition, such a consumer would at least expect to taste the presence of actual Kona coffee in a Kona blend. But given the scientific evidence discussed above, there is little (if any) Kona coffee in the Kona labeled Products. The Kona Labeled Coffee therefore cannot even satisfy these lowered consumer expectations.

## CLASS ALLEGATIONS

33.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Products (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

34.     Plaintiff also seeks to represent a Subclass of all Class Members who purchased the Products in California (the "California Subclass" or "Subclass").

35.     At this time, Plaintiff does not know the exact number of members of the Class and Subclass; however, given the nature of the claims and the number of retail stores in the United States selling the Products, Plaintiff believes that Class and Subclass members are so numerous that joinder of all members is impracticable.

36.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

a.  the chemical composition of a real Kona coffee bean, as established through elemental abundance analysis and isotopic analysis;

b.  the chemical composition of the coffee beans sold by Defendant, also as established through elemental abundance analysis and isotopic analysis;

c.  whether Defendant made false or misleading representations as to the geographic origin of coffee labeled and sold as "Kona" coffee;

d.  whether the Defendant's marketing, distribution, and/or sale of products falsely or misleadingly labeled as "Kona" coffee has misled or is likely to mislead a reasonable consumer;

e.  whether the Defendant's false or misleading representations as to the geographic origin of coffee labeled and sold as "Kona" coffee violates the CLRA, FAL and UCL;

f.  the nature and extent of the damages to Plaintiff and the Class members;

g.  the nature and extent of Defendant's profits earned as a result of falsely or misleadingly designating "Kona" as the origin of its coffee products;

h.  whether Defendant's conduct was unfair and/or deceptive;

i.  whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

j.  whether Defendant breached implied warranties to Plaintiff and the Class;

k.  whether Defendant breached express warranties to Plaintiff and the Class; and

l.  whether Plaintiff and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of its damages.

37. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, the Kona Labeled Coffee Products and Plaintiff sustained damages from Defendant's wrongful conduct.

38. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class or the Subclass.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class and the Subclass, thereby making appropriate equitable relief with respect to the Class and the Subclass as a whole.

41. The prosecution of separate actions by members of the Class and the Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclass even where certain Class members are not parties to such actions.

## CAUSES OF ACTION

## COUNT I

## (Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)

42. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

43. Plaintiff DeArmey brings this cause of action on behalf of himself and members of the California Subclass.

44.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

45.    Mr. DeArmey and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because he bought the Products for personal, family, or household purposes.

46.    Mr. DeArmey, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

47.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

48.    As alleged more fully above, Defendant has violated the CLRA by marketing the Kona Labeled Coffee Products as originating from the Kona District, when in fact the Products do not originate from the Kona Districts and are instead commodity coffee beans.

49.    As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5) and (a)(7).

50.    CLRA § 1782 NOTICE.  On March 5, 2019, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant failed to comply with the letter.

51.    Plaintiff DeArmey seeks to enjoin the sale of the Kona Labeled Coffee Products, or to require Defendant to refrain from misleading consumers into believing the Products originate from the Kona Districts.

52.    Plaintiff, on behalf of himself and all other members of the California Subclass, seeks compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices in addition to the injunctive relief identified above.

## COUNT II
### (Violation California's Unfair Competition Law)

53.    Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

54.    Plaintiff DeArmey brings this cause of action on behalf of himself and members of the California Subclass.

55.    By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

56.    Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

57.    Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

58.    As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

59.    Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

60.    Mr. DeArmey and the other California Subclass members have suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

61.    Defendant's deceptive marketing and labeling the Products as originating from the Kona Districts provides no benefit to consumers or competition.

62.    Plaintiff and the other California Subclass members had no way of reasonably knowing that the Kona Labeled Coffee Products they purchased were not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

63.    The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Mr. DeArmey and the other members of the California Subclass.

64.    Defendant's violations of the UCL continue to this day.

65.    Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

(a)    provide restitution to Mr. DeArmey and the other California Subclass members;

(b)    disgorge all revenues obtained as a result of violations of the UCL; and

(c)     pay Mr. DeArmey and the California Subclass' attorney's fees and costs.

## COUNT III

### (Violation of California's False Advertising Law)

66.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

67.     Plaintiff DeArmey brings this cause of action on behalf of himself and members of the California Subclass.

68.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

69.      Defendant has represented and continues to represent to the public, including Plaintiff and members of the California subclass, through Defendant's deceptive packaging and marketing, that the Kona Labeled Coffee Products originate from the Kona Districts.  Defendant's representations are misleading because the coffee contained in the Kona Labeled Coffee Products did not originate from the Kona Districts.  Because Defendant has disseminated misleading information regarding the Kona Labeled Coffee Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant has violated the FAL.

70.     Furthermore, Defendant knows, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

71.    As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Subclass.

72.    Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## COUNT IV

### (Fraud)

73.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.    Plaintiff brings this claim individually and on behalf of the members of the Class and California Subclass against Defendant.

75.    As discussed above, Defendant represented the Kona Labeled Coffee Products as originating from the Kona Districts, when in fact the Products do not originate from the Kona Districts and are instead commodity coffee beans.

76.    The false and misleading representations and omissions were made with knowledge of their falsehood.

77.    The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class and California Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and Class members to purchase the Kona Labeled Coffee Products.

78.     The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IV

### (Unjust Enrichment)

79.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

80.     Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against Defendant.

81.     Plaintiff and Class members conferred benefits on Defendant by purchasing the Kona Labeled Coffee Products.

82.     Defendant has knowledge of such benefits.

83.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Kona Labeled Coffee Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant fraudulently represented in advertising and on packaging that the Products originated from the Kona Districts when in fact the Products do not originate from the Kona Districts and are instead commodity coffee beans.

84.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V

### (Breach of the Implied Warranty of Merchantability)

91.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

92.    Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against Defendant.

93.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that that the Kona Labeled Coffee Products are merchantable as premium authentic Kona coffee.

94.    Defendant breached the warranty implied in the contract for the sale of the Kona Labeled Coffee Products because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for merchantability).  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

95.    Plaintiff and Class members purchased the Kona Labeled Coffee Products in reliance upon Defendant's skill and judgment in properly packaging and labeling the Products.

96.    The products were not altered by Plaintiff or Class members.

97.    The products were defective when they left the exclusive control of Defendant.

98.    Defendant knew that the Kona Labeled Coffee Products would be purchased and used without additional testing by Plaintiff and Class members.

99.    The Kona Labeled Coffee Products were defectively designed and unfit for their intended purpose and Plaintiff and Class members did not receive the goods as warranted.

100.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because they would not have purchased the Kona Labeled Coffee Products if they knew the truth about the Products and the Products they received was worth substantially less than the product they were promised and expected.

## COUNT VI

### (Breach of Express Warranty)

101.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

102.    Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

103.    Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. Furthermore, any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

104.    Defendant, as the designer, manufacturer, marketer, distributor, and seller made affirmations as to the origin, quality and contents of the the Kona Labeled Coffee Products with the prominent placement of "Kona" on the Products. The "Kona" description also creates an express warranty that the Kona Labeled Coffee Products will conform to that description.

105.    As established through the scientific testing to date, the coffee contained in the accused products does not conform to such affirmations of fact and/or descriptions of the "Kona" coffee products at issue.

106.    Plaintiff and members of the Class reasonably and justifiably relied on the forgoing express warranties, believing that the accused coffee products purchased from Defendant conformed to these express warranties. Plaintiff and members of the Class did not obtain the full value of the products as represented on the labels, packaging and marketing materials.  If Plaintiff and members of the Class had known of the Kona Labeled Coffee Products were simply commodity coffee beans, they would not have purchased the products, or they would not have been willing to pay the inflated price.

107.    Plaintiff and members of the Class were injured as a direct and proximate result of Defendant's breach because:  (a) they would not have purchased the Products on the same terms if the truth concerning Defendant's Products had been known; (b) they paid a price premium due to Defendant's misrepresentations about the Products; and (c) the Products were not of the quality or nature promised.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class and California Subclass as follows:

A.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For injunctive relief enjoining the illegals acts detailed herein;

F.   For prejudgment interest on all amounts awarded;

G.   For an order of restitution and all other forms of equitable monetary relief;

H.   For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.


Dated: April 24, 2019            Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:_____*/s/ L. Timothy Fisher*_____
            L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com
            treyda@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Email: mgr@reichradcliffe.com
            adhoover@reichradcliffe.com

*Counsel for Plaintiff*